IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JACOB HEATH VAN SLYKE, #189698                                          PLAINTIFF

VERSUS                                          CAUSE NO. 1:17CV164-LG-RHW

PEARL RIVER COUNTY, JULIE
FLOWERS, COREY MATAYA, DAVID
ALLISON, SHANE TUCKER,
OFFICER KEENUM, OFFICER
DEVIN, HEATH WAYNE, OFFICER
TYNESNIA, TERRY POE, NURSE
BRI, NURSE BUDDY, NURSE
JESSIE, BRAD SHAW, OFFICER
MITCH, SERGEANT BARTON, ROY
D'ARCANGELO, JR., NURSE ROBIN,
DR. GRAYSON, and DR.
MONTGOMERY                                                              DEFENDANTS

## ORDER DENYING MANDAMUS

BEFORE THE COURT is *pro se* Plaintiff Jacob Heath Van Slyke's Motion to Order Administration at Pearl River County Jail to Answer Grievances and Administrative Remedy Request [3], which the Court construes as a request for mandamus relief. Van Slyke is a pretrial detainee at the Pearl River County Jail, and he challenges the conditions of his confinement. In the instant motion, he asks the Court to order the Pearl River County Jail administration to answer grievances filed by inmates. Van Slyke contends that inmates, including himself, have filed grievances with the jail administration, but they go unanswered. This, he claims, prevents him from exhausting his administrative remedies. The Court has considered Plaintiff's submission and the relevant legal authority. As set forth

below, the motion is denied.

The federal mandamus statute provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United Sates or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. In other words, the statute only grants powers over federal officers. Here, Van Slyke asks this Court to enter a mandamus against State officials. The Court therefore finds that it lacks jurisdiction to provide the mandamus relief requested.

Even if the motion were construed as a request for injunctive relief, it would still fail. First, Van Slyke does not have a protected liberty interest in the processing of his prison grievances. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Even the failure to investigate a grievance, by itself, does not rise to the level of a constitutional violation. *Id.* at 374. Second, where prison officials interfere with a prisoner's attempt to pursue an administrative remedy, he is excused from the requirement that he exhaust his remedies. *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982). For this reason, the failure to process a prison grievance cannot form the basis of a denial of access to courts claim. *Mahogany v. Miller*, 252 F. App'x 593, 594 (5th Cir. Oct. 24, 2007). Van Slyke does not have a stand alone claim for the alleged failure to process his grievance. Therefore, the motion is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to

Order Administration at Pearl River County Jail to Answer Grievances and Administrative Remedy Request [3], which the Court construes as a request for mandamus relief, should be, and is hereby, **DENIED.**

**SO ORDERED AND ADJUDGED** this the 3rd day of October, 2017.

**s/** *Louis Guirola, Jr.*
**LOUIS GUIROLA, JR.**
**CHIEF U.S. DISTRICT JUDGE**