IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JACOB HEATH VANSLYKE  # 189698**                                                   **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION: 1:17cv164-LG-RHW**

**PEARL RIVER COUNTY,** *et al.*                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is [67] the motion for summary judgment filed June 12, 2018 by Defendant John Montgomery, M.D., in this *pro se* prisoner civil rights lawsuit. Plaintiff has filed no response to the motion.

### Facts and Procedural History

Jacob Heath VanSlyke is a Mississippi Department of Corrections (MDOC) inmate housed at Wilkinson County Correctional Facility (WCCF), where he is serving four sentences totaling twenty years for at least three convictions from Pearl River County.[1] According to the MDOC web site, VanSlyke entered the system April 24, 2014, and his tentative release date is August 23, 2037. VanSlyke filed this lawsuit May 30, 2017, complaining of conditions at Pearl River County Jail (PRCJ) during the approximately nine months he spent there awaiting trial. He testified he was in PRCJ from March 30-April 12, 2016, August 13-October 12, 2016, and April 13-November 9, 2017, and in MDOC custody during intervening periods. [63, pp. 7-9] Dr. Montgomery is a psychiatrist who provided psychiatric mental health services to PRCJ inmates on a referral basis, through a contract he had with the jail medical care provider. [67-5]

VanSlyke asserts he had mental problems, and alleged "Dr. Montgomery will not see me or treat me for anger, stress, anxiety, or depression (from facing life in prison without parole),

---

[1]The MDOC identifies only three of VanSlyke's convictions.

peripheral (vision) hallucinations, homicidal thoughts, etc." [13, ¶ 10], [10, p. 2]  He claims the social worker, Mrs. Naylor, referred him to Dr. Montgomery, but the latter would not see him. [10, p. 2]  Dr. Montgomery denies ever receiving a referral from the social worker to see VanSlyke or refusing to see/treat him.  The present motion asserts VanSlyke's erroneous factual basis cannot support a claim against Dr. Montgomery for constitutionally inadequate medical care, *i.e.*, he cannot prove he was referred to Dr. Montgomery or that Dr. Montgomery refused to see him, thus he cannot establish deliberate indifference.  In addition to his own affidavit [67-5], Dr. Montgomery presents in support of his motion the affidavit of Tina Naylor, Ph.D., the social worker at PRCJ [72-3]; VanSlyke's PRCJ records [72-1], [72-2]; his jail medical records [72-4]; his mental health records [72-5]; and a transcript of the April 5, 2018 omnibus hearing in the case.  As previously stated, VanSlyke filed no response to the motion.

## Summary Judgment Standard

Under FED.R.CIV.P. 56, a motion for summary judgment must be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."  A material fact is one that might affect the outcome of the suit under governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorably to the non-moving party.  *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005).  The party with the burden of proof at trial bears the burden of proof at the summary judgment stage.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

The party seeking summary judgment must identify those portions of pleadings and discovery on file and any affidavits he believes demonstrate the absence of a genuine issue of

material fact, but once he carries his burden, the burden shifts to the non-movant to show summary judgment should not be granted. This requires more than mere allegations or denials, the non-movant must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which demonstrate the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response."). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

<u>Law and Analysis</u>

VanSlyke claims an Eighth Amendment violation based on allegations that he was referred to Dr. Montgomery for psychiatric care, and the doctor would not see/treat him. To establish denial of constitutionally adequate medical care, VanSlyke was required to prove that Dr. Montgomery knew VanSlyke faced a substantial risk of serious bodily harm and was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Deliberate indifference "is an extremely high standard to meet." *Gobert*, 463 F.3d at 346; *see also*, *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (plaintiff must show officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs"). "Unsuccessful medical treatment, acts of

negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346.

It is undisputed that, pursuant to a contract with the jail medical care provider, Dr. Montgomery provided psychiatric services to PRCJ inmates who were referred to him by the jail medical care provider. It is further undisputed that Dr. Naylor, the clinical social worker and counseling psychologist, was the employee of the medical care provider who assessed whether an inmate needed psychiatric treatment and, if so, made the referral. Dr. Naylor saw VanSlyke on numerous occasions regarding his mental health complaints, evaluating his condition and offering treatment including one-on-one counseling. VanSlyke's allegations that Dr. Naylor referred him to Dr. Montgomery and was denied treatment are refuted by the affidavits of Dr. Montgomery, who denies receiving any such referral [67-5], and Dr. Naylor, who denies ever having referred VanSlyke to Dr. Montgomery. [72-3] The evidence before the Court shows VanSlyke's deliberate indifference claim against Dr. Montgomery claim is based upon his erroneous assumption of facts, and lacks any factual basis upon which liability might rest. *See Amerson v. Pike County, Miss.*, No. 3:09CV53-DPJ-FKB, 2012 WL 968058, at *4 (S.D. Miss., Mar. 21, 2012) (where record establishes that Defendant had no knowledge of the prisoner or his plight, "there is no evidence of affirmative participation that amounts to deliberate indifference"). The undersigned is of the opinion that Dr. Montgomery is entitled to summary judgment.

## **RECOMMENDATION**

The undersigned recommends that the summary judgment motion filed by Dr. John Montgomery be granted, and Plaintiff's complaint be dismissed as to Dr. Montgomery.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation (R&R), a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the R&R. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 25th day of September, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE