IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JACOB HEATH VANSLYKE  # 189698**                                                  **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION: 1:17cv164-LG-RHW**

**PEARL RIVER COUNTY,** *et al.*                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

Before the Court is [76] the motion to dismiss filed by Defendant Wayne Grayson, M.D., on August 8, 2018 in this *pro se* prisoner civil rights lawsuit. Plaintiff has filed no response to the motion.

### Facts and Procedural History

Jacob Heath VanSlyke is a Mississippi Department of Corrections (MDOC) inmate presently housed at Wilkinson County Correctional Facility (WCCF), where he is serving four sentences totaling twenty years. His tentative release date is August 23, 2037. VanSlyke filed this lawsuit May 30, 2017 against five defendants, complaining of conditions at Pearl River County Jail (PRCJ) during three of his stays at the facility while awaiting trial. According to his screening hearing testimony, VanSlyke was in PRCJ from March 30-April 12, 2016, August 13-October 12, 2016, and from April 13-November 9, 2017; he was in MDOC custody during the intervening periods. [63, pp. 7-9]  VanSlyke is proceeding *pro se* and *in forma pauperis*.

Dr. Grayson, a physician who attended inmates at PRCJ at that time, was one of fifteen defendants added to the case pursuant to VanSlyke's response [13] to a Court order requiring additional information. [12]  As to Dr. Grayson, Plaintiff specifically alleged that:

> Nurse Robin (West)[1] and Dr. Grayson were informed over 30 days that the red sauce and meat on the [food] trays were upsetting my stomach and I asked that the red sauce be taken off my tray over 30 days and it was not. I developed hemroids (*sic*) and had diareah (*sic*) over 30 days until the red sauce was finally taken off.

[13, p. 3]  A notice of lawsuit and request for waiver of service of process were sent to Dr. Grayson at 200 South Main Street, Poplarville, Mississippi 39740, which is the address of PRCJ. [20]  The request for waiver of service was not returned, and on December 22, 2017, the Court ordered issuance of summons to be served by the United States Marshal Service [USMS] on Dr. Grayson at the same address. [29]  The USMS returned the process executed, indicating on the return that the summons was served at the Pearl River County Jail, and elaborating on the service as follows:

> I left the summons at the individual's residence or usual place of abode with (*name*) Robin West Medical Manager, a person of suitable age and discretion who resides there, on (*date*) 1/22/18, and mailed a copy to the individual's last known address; ...

[34, pp. 14-15]  The return bore handwritten remarks that, " Dr. Grayson is Wayne Grayson, left with Robin West to give to Dr. Grayson when he returns back to the jail." [34, p. 15]

Dr. Grayson asserts VanSlyke has failed to properly serve process on him, that VanSlyke failed to give the required statutory notice prior to filing a medical negligence claim,[2] and that his factual allegations are insufficient to state a claim upon which relief can be granted.

## Discussion

The undersigned finds Dr. Grayson has not been properly served with process. The summons was issued for service on Dr. Grayson at the Pearl River County Jail, and, contrary to

---

[1] West is one of the four defendants the Court has already dismissed. [79], [19], [54] The undersigned has recommended dismissal of another. [81]

[2] Miss. Code Ann. § 15-1-36(15).

the certification that the summons was left at Dr. Grayson's "residence or usual place of abode," the return shows it was left at the Pearl River County Jail with Robin West. However, the undersigned further finds the failure to properly serve Dr. Grayson is not chargeable to the *pro se* prisoner Plaintiff who had no control over the service by the USMS. Since VanSlyke was granted leave to proceed *in forma pauperis*, he is entitled to service of process by the U.S. Marshal under FED.R.CIV.P. 4(c)(3). "[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process..." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a voluntary appearance by Dr. Grayson in the case, service of the summons and complaint are required to vest the Court with personal jurisdiction over him. Therefore, the undersigned is of the opinion that the process issue must be resolved prior to addressing the additional arguments contained in the present motion. To that end, the undersigned is this date entering an order allowing Plaintiff VanSlyke one final opportunity to provide an address where Dr. Grayson[3] may be served with process of this Court, failing which the undersigned will recommend dismissal of the case as to Dr. Grayson.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Dr. Wayne Grayson's motion to dismiss be denied at this time.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation (R&R), a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk his

---

[3] Dr. Grayson's motion indicates he was no longer working at PRCJ by the time the original summons and complaint were delivered there and left with West. [76, p. 2]

written objections to the R&R. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 9th day of October, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE