# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JACOB HEATH VANSLYKE   # 189698**

                                                            **PLAINTIFF**

**VS.**                             **CIVIL ACTION: 1:17cv164-LG-RHW**

**PEARL RIVER COUNTY,** *et al.*

                                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is [93] the supplemental motion to dismiss filed December 14, 2018 by Defendant Wayne Grayson, M.D., in this *pro se* prisoner civil rights lawsuit. Plaintiff has filed no response to the motion.

### Facts and Procedural History

Plaintiff Jacob Heath VanSlyke is a Mississippi Department of Corrections (MDOC) inmate at Wilkinson County Correctional Facility (WCCF) serving four sentences totaling twenty years. His tentative release date is September 7, 2036. Plaintiff filed suit on May 30, 2017, complaining of conditions at Pearl River County Jail (PRCJ) during three of his stays[1] at the facility while awaiting trial. VanSlyke is proceeding *pro se* and *in forma pauperis*. Dr. Grayson, a physician who attended inmates at PRCJ at that time, was one of fifteen defendants added to the case pursuant to VanSlyke's response [13] to a Court order requiring additional information. [12] As to Dr. Grayson, Plaintiff specifically alleged that:

> Nurse Robin (West) and Dr. Grayson were informed over 30 days that the red sauce and meat on the [food] trays were upsetting my stomach and I asked that the red sauce be taken off my tray over 30 days and it was not. I developed hemroids (*sic*) and had diareah (*sic*) over 30 days until the red sauce was finally taken off.

---

[1] According to his screening hearing testimony, VanSlyke was in PRCJ March 30-April 12, 2016, August 13-October 12, 2016, and April 13-November 9, 2017; he was in MDOC custody during the intervening periods. [63, pp. 7-9]

[13, p. 3]   When the request for waiver of service of process sent to Dr. Grayson at PRCJ was not returned, the Court ordered issuance of summons to be served on Dr. Grayson by the United States Marshal Service [USMS] at the same address. [29]   The USMS returned the process executed, indicating on the return that the summons was served at the Pearl River County Jail, and elaborating on the service as follows:

> I left the summons at the individual's residence or usual place of abode with (*name*) Robin West Medical Manager, a person of suitable age and discretion who resides there, on (*date*) 1/22/18, and mailed a copy to the individual's last known address; ...

[34, pp. 14-15]   The return bore handwritten remarks that, "Dr. Grayson is Wayne Grayson, left with Robin West to give to Dr. Grayson when he returns back to the jail."   [34, p. 15]

On August 8, 2018, Dr. Grayson moved to dismiss the Complaint for lack of service of process within the 90 days allowed by Fed.R.Civ.P. 4(m).   [76]   Although Plaintiff filed no response to the motion, the undersigned issued a Report and Recommendation October 9, 2018, finding that Dr. Grayson had not been properly served with process, but recommending that the motion to dismiss be denied at that time because the failure was not chargeable to the Plaintiff. [86]   The District Court adopted the Report and Recommendation on October 31, 2018. [89]

The same day the Report and Recommendation issued, the undersigned entered an order directing Plaintiff, by November 9, 2018, to provide a current street address for service of process on Dr. Grayson and warning Plaintiff that should he fail to do so, the undersigned would recommend dismissal of the case as to Dr. Grayson. [87]   Plaintiff did not respond to the Order. Plaintiff was clearly advised it was his responsibility to provide Defendants' addresses for service of process, ordered to provide an address for Dr. Grayson, and warned that failure to do so would result in a recommendation that his case be dismissed as to Dr. Grayson.   To date, the

Court has been provided no address for Dr. Grayson, and Dr. Grayson has not been served with process in this case.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Dr. Wayne Grayson's supplemental motion to dismiss be granted, and the case, dismissed as to Dr. Grayson.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after service of a copy of this Report and Recommendation a party may serve and file with the Clerk written objections to it, specifically identifying the findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. The opposing party must file responses to objections within seven days after service or notify the District Judge that he does not intend to respond. Absent timely written objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 10th day of May 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE